ROBERT P. ANDRIS (SBN 130290)
LAEL D. ANDARA (SBN 215416)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

Attorneys for Plaintiff
ANTEC, INC., a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTEC, INC., a California corporation, | CASE NO. C05-00791 MEJ |
| Plaintiff, | ~~STIPULATED~~ PROTECTIVE ORDER |
| v. | |
| THERMALTAKE, INC, a California corporation, MAD DOG MULTIMEDIA, INC., a California corporation, and THERMALMASTERS INC., a California corporation, | |
| Defendants. | |

**BASIS FOR STIPULATION AND ORDER**

It appears to the satisfaction of the Court that this is a proper case for issuance of a protective order, pursuant to Rule 26 of the Federal Rules of Civil Procedure, to protect the confidential information of all parties and third party witnesses as may be necessary during discovery.

**STIPULATION AND ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff Antec, Inc., and Defendants Thermaltake, Inc., and Mad Dog Multimedia, Inc., hereby stipulate to the following Protective Order:

RC1/389055.1/LB4                                                                                                 PROTECTIVE ORDER

**IT IS HEREBY ORDERED**:

During this action, with respect to any information, testimony, documents, or things obtained by any Party to this action in response to any discovery where such items are asserted to contain or comprise trade secret, confidential, or proprietary information, the following procedures shall be employed and the following restrictions shall govern:

1. **PURPOSE**.

It is the purpose of this Protective Order to allow the Parties to have reasonable access to information from all Parties while protecting the alleged trade secret status or confidentiality of that information under Rule 26 of the Federal Rules of Civil Procedure without frequent resort to determinations of discoverability by the Court.

2. **DEFINITIONS**.

    2.1    Party. "Party" means any of the parties in this action including officers, directors, agents, employees, and Counsel of such parties.

    2.2    Action. "Action" means ***Antec, Inc.,*** v. ***Thermaltake Inc., and Mad Dog Multimedia, Inc.,*** (C 05-00791 EMC).

    2.3    Third Party Witness. "Third Party Witness" means any third party from whom discovery is sought by way of subpoena by any Party in this action.

    2.4    Confidential Information. "Confidential Information" shall mean any information, or the contents of any document or thing, which the Producing Party contends is confidential, trade secret, know-how, or proprietary technical, scientific, or business information. It shall be the duty of the party who seeks to invoke protection under this Order to give notice in the manner set forth herein.

    2.5    Discovery Material. "Discovery Material" means any information, testimony, document, or tangible thing, or response to any discovery request provided by a

Party hereto or a Third Party Witness to another Party including document requests, interrogatories, requests for admissions, deposition testimony, subpoenas and any other similar materials, or portions thereof.

  **2.6** <u>Legend.</u> "Legend" means either of the following markings: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" followed by "Not to be disclosed or used except in accordance with the Protective Order entered into under Case Number C 05-00791" as appropriate to the level of confidentiality pursuant to Paragraph 3.

  As set forth below, documents may be marked "**CONFIDENTIAL**" or "**CONFIDENTIAL - ATTORNEY'S EYES ONLY**".

  **2.7** <u>Receiving Party.</u> "Receiving Party" means a Party (other than Counsel), that receives Discovery Material from a Producing Party.

  **2.8** <u>Producing Party.</u> "Producing Party" means a Party (other than Counsel), or Third Party witness that produces or otherwise makes available Discovery Material to a

Receiving Party.

  **2.9** <u>Protected Material.</u> "Protected Material" means any Discovery Material which contains Confidential Information and bearing a Legend, and any information derived from such Protected Material, including, any copies, abstracts, summaries, compilations, or other such record derived from such Protected Material, and any note or other record concerning the contents of such Protected Material.

  **2.10** <u>Counsel.</u> "Counsel" means counsel of record in this action or appeals there from, and designated in-house counsel, or designated outside general counsel, of a Party, and their secretarial, support personnel and other assistants to whom it is necessary to disclose Protected

Material for the purpose of this action.

      **2.11**    <u>Independent Expert.</u> "Independent Expert" **(1)** means an expert and/or independent consultant or contractor actually retained or employed to advise or assist Counsel in the preparation and/or trial of this action, and their secretarial assistants and support personnel or other assistants, who are not employed by a Party to whom it is necessary to disclose Protected Material for the purpose of this action; and **(2)** unless written consent of all Parties is obtained, who shall agree not to be an employee of or consultant to a Party or its competitors, with respect to the subject matter of this action, beginning at the time the Independent Expert signs the Acknowledgment of Order **and** Non-Disclosure Agreement attached as Appendix A and extending one (1) year after the last day of trial, or one (1) year from the time a global settlement is reached by the parties, which period can be extended by agreement of all Parties, or by Court order if necessary because of this litigation. The restriction regarding employment of or consultation to shall extend to the Independent Expert, his or her partners, principals in the Independent Expert's business entity, associates in the business entity, and assistants in the business entity.

      **2.12**    <u>Trial Preparation Materials.</u> "Trial Preparation Materials" means documents and materials such as pleadings, court papers and briefs, exhibits, depositions, interrogatories, and the like, and summaries thereof or notes pertaining thereto.

      **3.**    **<u>DESIGNATION OF PROTECTED MATERIAL</u>**.

      **3.1**    <u>Designation in General.</u> A Producing Party, at the time of producing Discovery Material or within a reasonable time thereafter, in good faith may designate any Discovery Material as Protected Material. The Protected Material shall be marked with the Legend, indicating that the Protected Material is "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" or as appropriate. A good faith attempt shall be made by the

Producing Party to limit the amount of Discovery Material designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY."

     **3.2**    Any Protected Material produced on any computer-related media (hereinafter "disks") may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY."  In the event that a Receiving Party generates any "hard copy" or printout from any designated disk, such party must immediately stamp, or as soon thereafter as is practical, each page "CONFIDENTIAL or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," and the hard copy or printout shall be treated as Protected Material.

     **3.3**    <u>Post-Production Designation</u>. The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" prior to or at the time of disclosure shall not operate as a waiver of a Producing Party's right to designate said information as "Confidential" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within thirty (30) days subsequent to such disclosure. If any Party designates Discovery Material as Protected Material after production, the designating Party shall notify all Counsel in writing and produce a copy within 10 days of the newly designated Discovery Material with the appropriate Legend. After receipt of the notice in writing, regardless of whether other Counsel agrees with the appropriateness of the designation, all Counsel shall treat the designated Discovery Material as Protected Material, and shall take reasonable and appropriate steps, if possible under the circumstances, to reclaim possession of any of such designated Discovery Material which may have reached the possession of a person not authorized under this Protective Order to receive Protected Material. Upon receipt of the newly designated Discovery Materials, the Receiving Party shall promptly destroy or return all copies of Discovery Materials which do

not bear the new designation.

## 4. DESIGNATION NOT DETERMINATIVE OF STATUS.

The designation of Discovery Material as "Protected Material" shall not be taken as a determination or admission by any Party that such Discovery Material is in fact protectable as a trade secret or otherwise. The designation of Discovery Material as being "Protected Material" does not alter or enhance the nature of that Discovery material or its confidentiality or create a presumption of any confidentiality. No Party shall be obligated to challenge the propriety of a "Protected Material" designation at the time of receipt of such Discovery Material and a failure to do so shall not preclude a subsequent attack on the propriety of the designation.

Any party disagreeing with the designation of any document or information as Protected Material shall so notify all Parties in writing. The designating Party shall then have a period of fourteen (14) days from the date of receipt of such notice to advise all Parties whether or not the designating Party persists in such designation. The disagreeing Party may then, after advising all Parties, move the Court within twenty-one (21) days after notification of disagreement for an order removing the particular designation and replacing it with a different designation or no designation. Information designated as Protected Material received by any Party shall be treated as such unless otherwise agreed to by the Parties or ordered by the Court or by any appellate court, should appellate review be sought.

The failure of any Party to expressly challenge a claim of confidentiality or the designation of any document or information as Protected Material at the time of disclosure or designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

**5.     LIMITATION ON SCOPE OF PROTECTIVE ORDER**.

This Protective Order applies only to Discovery Material and not to information, documents, or tangible things, whether or not similar to or identical with discovery Materials, rightfully obtained through or derived from other sources. Nothing in this Protective Order shall prevent disclosure or Protected Material beyond the terms of this Protective Order if:

**(1)**     The Producing Party waives, in writing or by stipulation in the record of this action, the claim of confidentiality of such Protected Material; or

**(2)**     The Receiving Party, by appropriate motion, establishes to the satisfaction of the court that such Protected Material is already rightfully in its possession or was otherwise rightfully acquired by or on behalf of the Receiving Party without obligation of confidentiality to any third party; or

**(3)**     The Receiving Party, by appropriate motion, establishes to the satisfaction of the Court that such Protected Material was or has become public knowledge, other than by any act or omission of a Receiving Party, its Counsel, or any Independent Expert retained on behalf of the Receiving Party; or

**(4)**     A court order otherwise releases such Protected Material from the restriction of this Protective Order.

///
///

[*Continued on Next Page*]

**6.     USE OF PROTECTED MATERIAL.**

    **6.1**     <u>General</u>. All Protected Material produced under this Protective Order is to be used solely for purposes of this action and for no other purposes. Persons having access to Protected Material shall not disclose or provide Protected Material to any person not authorized under this Protective Order. No Protected Material may be made available to, or in any manner revealed to or discussed with any other entity (including the Receiving Party), except:

    **(1)** solely in accordance with the procedures set forth in this Protective Order, or

    **(2)** upon the express written permission of Counsel for the Producing Party.

    **6.2**     <u>Advice of Counsel</u>. Nothing under this Protective Order shall bar or otherwise restrict Counsel from rendering advice to a Party with respect to this action, and in the course thereof, relying in a general way upon examination of any Protected Material. However, in rendering such advice and in otherwise communicating with the party, such Counsel shall not disclose the contents of any protected Material contrary to the terms or intent of this Protective Order.

**7.     ACCESS TO PROTECTED MATERIAL**

    **7.1**     <u>General</u>. Access to "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Protected Material shall be provided only to persons authorized under paragraphs 7.2, 7.3 and 7.5 .

    **7.2**     <u>Outside Counsel</u>

All Protected Material shall be held in custody and confidence by Outside Counsel of the Receiving Party. Protected Material (except for Trial Preparation Material, but including Protected Material that is attached to Trial Preparation material as exhibits,


RC1/389055.1/LB4 — - 8 - — PROTECTIVE ORDER NO. C 05-00791

appendices and the like in accordance with Section 9.2, and notes regarding Protected Material) shall be maintained by Outside Counsel.

Documents given to outside services providers for such services as copying, scanning, or storage, may only be transferred to these outside service providers after Outside Counsel has admonished the outside service provider verbally and in writing that the Protected Material is Confidential and that the confidentiality of the Protected Material must be maintained by the outside service provider.

7.3   In-House Counsel.  A Receiving Party may make Protected Material which contains technical or scientific information, and which is designated as "Confidential - Attorneys' Eyes Only," available to no more than three (3) in-house counsel, and may make any Protected Material designated as "Confidential - Attorneys' Eyes Only" which contains only business or transactional information, or designated as "Confidential," available to any number of in-house counsel. Such Protected Material shall be used only for the purposes of this action, and any indemnification action or insurance coverage proceeding arising out of this action.

7.4   Receiving Party.  A Receiving Party may have access to "Confidential" Protected Material, and then only for the purposes of this action.

7.5   Other Persons.

**7.5.1   *Designation of Other Persons*.**  Protected Material may be divulged by Counsel for the Receiving Party to persons not provided for in this Section 7 only for good cause in connection with this action and only if the following information is <u>actually</u> made known in writing, personal delivery or by certified or registered mail, return receipt requested, to all Parties no less than ten (10) business days before the intended date of disclosure to each such person:

      **(1)**     the identity of each person, by name and brief description, including present employment;

      **(2)**     all other present or prior relationships with the Receiving Party; and

      **(3)**     a brief statement as to the reason for disclosure to such person.

      **7.5.2** *Objection to Other Persons*. If any Party objects to disclosure to such persons in writing by personal delivery or by certified or registered mail, return receipt requested, within ten (10) business days after the date of <u>receipt</u> of the identification of each such person, no Protected Material shall be disclosed to that person until the validity of the objection has been resolved, either by negotiation or by the Court.

      **7.6**    <u>Original Authors, Recipients, or Users of the Protected Material</u>.  In the absence of written permission from the Producing Party or an Order of the Court, any "Confidential" or "Confidential – Attorney's Eyes Only" information produced may be used with the individual who authored, prepared, or originally received the information.

      **7.7**    <u>Use of a Party's Documents for Examination with the Party or Party's Employees</u>.  A party, present employee of that party may be examined and may testify concerning all "Confidential' and "Confidential - Attorney's Eyes Only" information produced by that party. Further, a former employee of a party may be examined and may testify concerning all "Confidential" and "Confidential -- Attorney's Eyes Only" information produced by that party which pertains to the period of the employee's employment and prior thereto.

      **7.8**    <u>Court Reporters</u>. Before any court reporter receives any "Confidential" or "Confidential - Attorney's Eyes Only" information, he or he shall have first read this Order and agree in writing or on the record to be bound by the terms thereof.

**8. ACKNOWLEDGMENT OF PROTECTIVE ORDER AND NON-DISCLOSURE AGREEMENT.**

Before obtaining access to any Protected Material covered by this Protective Order, <u>each</u>, and every, person who is permitted to have access to Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgment and non-disclosure agreement attached as Appendix A, indicating that he or she has read and understood this Protective Order and agrees to be bound by the terms. A copy of each such acknowledgment and non-disclosure agreement shall be furnished to all Counsel for all Parties within five (5) business days after execution.

**9. HANDLING OF PROTECTED MATERIAL.**

**9.1** <u>Exclusion of Unauthorized Persons</u>. If, during the course of any deposition, or no later than thirty (30) days after the receipt of a written transcript of such deposition, Counsel for any of the Parties to this action asserts that the deposition transcript, or any specific inquiry or line of inquiry, or an answer to an inquiry is Protected Material, that transcript, or portion of the transcript, inquiry or answer shall be treated as Protected Material pursuant to this Protective Order. If any Protected Material is summarized, discussed, or otherwise used at any deposition, hearing, or the trial of this action, all persons (other than those entitled to receive the Protected Material in accordance with this Protective Order, Court personnel, a reporter, and the deponent or witness) shall be excluded from attendance at the deposition, hearing, or trial of this action during such time as the Protected Material is being so disclosed, unless the Parties otherwise agree or the Court otherwise orders.

If, at any deposition session, when counsel for a Party deems that the answer to a question will result in the disclosure of Protected Materials, counsel may request that all persons not authorized to disclosure of the Protected Materials pursuant to Paragraph 7 of this Order leave the deposition room during the confidential portion of the deposition. The failure of such persons to comply with such a request may constitute - justification for counsel to advise the witness that he or she need not answer a question seeking the revelation of Protected Materials.

**9.2** <u>Using Protected Materials with Deponents</u>.  Where the party taking the deposition of a party or third party witness wishes to show the deponent any document marked "Confidential – Attorney's Eyes Only" or "Confidential", the deposing party shall give notice to counsel for all parties of the intention to show the deponent such document three working days before the deposition to provide the parties with time to object to the use of any such document, unless the deponent is properly designated as an Independent Expert pursuant to this Protective Order.  Counsel may show such deponent any of the documents reported under this Paragraph, so long as the document remains in the control of an attorney and no copies are made.  If a deposing party fails to give notice of the use of a document marked "Confidential" or "Confidential - Attorneys' Eyes Only", such party may not use the document on that deposition day.

**9.3** <u>Protected Materials Filed With Court Under Seal</u>.[1]

**9.3.1  Specific Court Order Required**. No document may be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is

---

[1] United States Northern District of California Local Rule 79.5

privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c). A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal. Ordinarily, more than one copy of a particular document should not be submitted for filing under seal in a case.

        **9.3.2**    **Request to File Entire Document Under Seal.** Counsel seeking to file an entire document under seal must:

(1)    File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;

(2)    Lodge with the Clerk and serve a proposed order sealing the document;

(3)    Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";

(4)    Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

        **9.3.3**    **Request to File a Portion of a Document Under Seal.** If only a portion of a document is sealable, counsel seeking to file that portion of the document under seal must:

(1)    File and serve an Administrative Motion to File Under Seal, in conformance with

Civil L.R. 7-11,[2] accompanied by a declaration establishing that a portion of the document is sealable;

(2) Lodge with the Clerk and serve a proposed order that is narrowly tailored to seal only the portion of the document which is claimed to be sealable;

(3) Lodge with the Clerk and serve the entire document, contained in an 8 ½- inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

(4) Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container, with the sealable portions identified;

(5) Lodge with the Clerk and serve a redacted version of the document that can be filed in the public record if the Court grants the sealing order.

### 9.3.4 Filing a Document Designated Confidential by Another Party.

If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. If only a portion of the document, memorandum or other filing is sealable, the submitting party must also lodge with the Court a redacted version of the document, memorandum or other filing to be placed in the public record if the

---

[2] Local Rule 7-11 "Motion for Administrative Relief"

RC1/389055.1/LB4 — - 14 - — PROTECTIVE ORDER NO. C 05-00791

Court approves the requested sealing order. Within five (5) days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

        **9.3.5    Request Denied.** If a request to file under seal is denied in part or in full, neither the lodged document nor any proposed redacted version will be filed. The Clerk will notify the submitting party, hold the lodged document for three (3) days for the submitting party to retrieve it, and thereafter, if it is not retrieved, dispose of it. If the request is denied in full, the submitting party may retain the document and not make it part of the record in the case, or, within three (3) days, re-submit the document for filing in the public record. If the request is denied in part and granted in part, the party may resubmit the document in a manner that conforms to the Court's order and this rule.

        **9.3.6    Effect of Seal.** Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case. Any document filed under seal in a civil case shall be open to public inspection without further action by the Court 10 years from the date the case is closed. However, a party that submitted documents that the Court placed under seal in a case may, upon showing good cause at the conclusion of the case, seek an order that would continue the seal until a specific date beyond the 10 years provided by this rule. Nothing in this rule is intended to affect the normal records destruction policy of the United States Courts. The chambers copy of sealed documents will be disposed of in accordance with the assigned Judge's discretion. Ordinarily these

copies will be recycled, not shredded, unless special arrangements are made.

**9.4** <u>Deposition Transcripts</u>. When Protected Material is incorporated in a deposition transcript via testimony or documents, arrangements shall be made with the reporter to separately bind the portion of the deposition transcript and documents designated as Protected Material, and mark it with the Legend.  A party may designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," any deposition testimony in these proceedings or any portion thereof by (i) notifying counsel for the parties in writing of those pages or portion of pages of the transcript which are to be stamped and treated as confidential, such notice to be given no later that ten (10) days after actual receipt of the transcript of the deposition by such notifying party's counsel; or (ii) designating the material as confidential on the record during the course of the deposition.  Prior to the expiration of such ten (10) day period (or until a designation is made by counsel, if such designation is made in a shorter period of time), the entire deposition shall be treated as confidential material.

**9.5** <u>Termination of Participation in Action</u>.  Once participation in this action by any person obtaining Protected Material pursuant to Sections 7.3, 7.4 and 7.5 has been terminated or otherwise concluded, all Protected Material shall be returned by such person within 30 days to the outside Counsel from whom he or she obtained such protected Material.

**9.6** <u>Final Disposition</u>. Upon final disposition of this action, all Protected Material of any other Party in the possession of any Party (other than Protected Material in Trial Preparation Material of the Receiving Party or any other material protected by a privilege, such as the work-product or attorney-client privilege) shall be returned to the Producing Party's Counsel or disposed of in some other manner mutually agreeable among

the parties. Protected Material retained by Counsel of a Receiving Party pursuant to this Section 9.5 shall retain the status of Protected Material despite termination of this action, and shall be treated in accordance with the terms of this Protective Order.  For purposes of this provision only, "this action" shall include any indemnification actions or insurance coverage proceedings arising out of this action.

10. **COURT PROCEDURES**.

10.1   The parties agree that persons employed by the Court have no duty to the parties to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

10.2   Any Court hearing which refers to or describes "Confidential – Attorneys Eyes Only" or "Confidential Information" shall in the court's discretion be in camera.

10.3   Notwithstanding the above, any party may apply to the Court for an order allowing the filing of papers containing confidential information, if that party believes the filing of the papers is necessary for a complete record.  Any such papers shall be placed by the submitting party in a sealed envelope labeled as set forth in 9.2 above.  Any papers containing confidential information shall be returned to the submitting party upon dismissal or final judgment in the action.

11. **AMENDMENT**.

This Protective Order may be amended by agreement of Counsel for the parties in the form of a written stipulation filed with the Court and subject to the Court's approval.

### 12. RIGHT TO FURTHER RELIEF.

This Protective Order is without prejudice to the rights of any Party or Third Party Witness to apply to this Court for relief from any of its provisions or to seek or agree to different or additional protection for any particular Discovery Material.

### 13. RIGHT TO ASSERT OTHER OBJECTIONS.

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as provided for by separate agreement by the Parties or by the Court.

### 14. COUNTERPARTS.

This Protective Order may be executed in counterparts which, taken together, shall constitute one and the same agreement.

### 15. EFFECTIVE DATE.

This Protective Order may be effective from the date executed by all counsel.

**IT IS SO STIPULATED**

Dated: January 17, 2006              **ROPERS, MAJESKI, KOHN & BENTLEY**

                                     By _[signature]_
                                     ROBERT P. ANDRIS
                                     LAEL D. ANDARA
                                     Attorneys for Plaintiff
                                     ANTEC, Inc.,

| | |
|---|---|
| 1  Dated: December 15, 2005 | **LAW OFFICES OF J.F. LEE** |
| 2 | |
| 3 | By _/s/ Jen-Feng Lee_ |
| 4 | JEN-FENG LEE<br>Attorneys for Defendants |
| 5 | THERMALTAKE, ET AL. |

IT IS SO ORDERED

Dated: ~~December ___, 2005~~

January 26, 2006

_/s/ Maria-Elena James_

MARIA-ELENA JAMES
United States Magistrate Judge

# APPENDIX A

## ACKNOWLEDGMENT OF ORDER AND NON-DISCLOSURE AGREEMENT

I have read and understand the Stipulated Protective Order ("the Order") in ***Antec, Inc., v. Thermaltake Inc., and Mad Dog Multimedia, Inc.,*** (C 05-00791 EMC), filed in the United States District Court, Northern District of California, and I agree to be bound by all of its terms.

I hereby agree not to use or disclose any Protected Material covered by this Protective Order, except as permitted by the Order, to maintain the Protected Material with at least the same degree of care that the undersigned uses to protect the undersigned's confidential and proprietary information (but no less than a reasonable degree of care under the circumstances), and otherwise to comply with each and every provision of this Order.

I consent to the jurisdiction of the United States District Court, Northern District of California for any proceeding to enforce this agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:_____

(Signature)

(Type or Print Name)

(Address)